David J. McGlothlin, Esq. (SBN 026059)
HYDE & SWIGART
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Phone: 602-265-3332
Fax: 602-230-4482
david@westcoastlitigation.com

Ryan L. McBride, Esq. (SBN 032001)
Kazerouni Law Group, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Phone: 800-400-6808
Fax: 800-520-5523
ryan@kazlg.com

***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

**GENESIS RODRIGUEZ**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**PLA-FIT FRANCHISE , LLC, DBA PLANET FITNESS; JEG-FIT OPERATIONS, LLC**, and DOES 1 through 10 inclusive**,**

Defendant.

**Case No.:** 2:18-cv-03748-DMF

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

### INTRODUCTION

1.      GENESIS RODRIGUEZ ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PLA-FIT FRANCHISE,

LLC, DBA PLANET FITNESS ("PLA-FIT") and JEG-FIT OPERATIONS, LLC ("JEG-FIT"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Defendant PLA-FIT and Defendant JEG-FIT will hereby collectively referred to as "Defendants." Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.   The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7.   This Court has federal question jurisdiction because this case arises out of violation of Federal Law. 47 U.S.C. §227(b): *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

8.   Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the State of Arizona.

## PARTIES

9.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10.  Plaintiff is informed and believes, and thereon alleges, that Defendant PLA-FIT is, and at all times mentioned herein was, a company who does business within the State of Arizona.  Defendant PLA-FIT, is and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39). Defendant PLA-FIT claims to provide gym memberships, access to fitness facilities, and fitness related services.  Plaintiff alleges that at all times relevant herein Defendant PLA-FIT conducted business in the State of Arizona within this judicial district.

11.  Plaintiff is informed and believes, and thereon alleges, that Defendant JEG-FIT is, and at all times mentioned herein was, a limited liability company formed and who does business within the state of Arizona.  Defendant JEG-FIT, is and at all time mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).  Defendant JEG-FIT, at the direction of Defendant PLA-FIT, sent out text messages to Plaintiff, and others similarly situated, advertising the services provided by Defendant PLA-FIT.  Plaintiff alleges that at all times relevant herein Defendant JEG-FIT conducted business in the State of Arizona within this judicial district

## FACTUAL ALLEGATIONS

12.  At all times relevant, Plaintiff was a citizen of the County of Maricopa, State of Arizona.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13.  Defendants are, and at all times mentioned herein were, a "person," as defined by 47 U.S.C. § 153 (39).

14.     At all times relevant, Defendants conducted business in the State of Arizona, within this judicial district.

15.     On or about December 27, 2017, Plaintiff received a text message from Defendants on her cellular telephone, number ending in -8593, soliciting the products and services of Defendant PLA-FIT.

16.     During this time, Defendants began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages, including a text message sent to and received by Plaintiff in or about December of 2017.

17.     In or before December of 2017, Plaintiff received a text message from Defendants that read:

> Start the year off right with Planet Fitness! Join today for only $1 down! $10 a month! No Commitment! Ends 1/10! http://bit.ly/1ILoKWA Reply STOP to opt out

18.     In or about December of 2017, Plaintiff received a text message from Defendants that read:

> ENDS TODAY! Sign up now at Planet Fitness for only $1. Unlimited fitness training & tons of cardio! Sign up today: http://bit.ly/1ILoKWA Reply STOP to opt out

19.     In or about December of 2017, Plaintiff received a text message from Defendants that read:

> Join Planet Fitness today for only $1 down! Unlimited fitness training & tons of cardio equipment! Sign up today: http://bit.ly/1ILoKWA Reply STOP to opt out

20.    In our about December of 2017, Plaintiff received a text message from Defendants that read:

> LAST CHANCE! Join Planet Fitness today for only $1 down! Unlimited fitness training & tons of equipment! Sign up today:http://bit.ly/1ILoKWA Reply STOP to opt out

21.    In our about December of  2017, Plaintiff received a text message from Defendants that read:

> Start the year off right with Planet Fitness! Join today for only $1 down! $10 a month! No Commitment! Ends 1/10! http://bit.ly/1ILoKWA Reply STOP to opt out

22.    Upon information and belief, Plaintiff alleges that she, upon receipt of Defendants' text messages, responded to Defendants' text message notification by sending a letter to Defendant on or about January 5. 2018 requesting that Defendants cease sending text messages to Plaintiff.

23.    At that point, Plaintiff had withdrawn any consent Defendants might have believed Defendants have prior to that point.  Despite Plaintiff's responses, Defendants continued to send unwanted text messages to Plaintiff.

24.    Plaintiff continued to receive text messages from Defendants until about January 10, 2018.

25.    These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

26.    The telephone number that Defendant, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

27.    These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

28.    Upon information and belief, Plaintiff alleges that she was never a customer of Defendants and never provided her cellular telephone number Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiff prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

29.    These text messages by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

31.    Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendants which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

32.    Defendants and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this

matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

34.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

36.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)    Whether, within the four years prior to the filing of this Complaint, Defendants or its agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

37.   As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and Arizona law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41.    Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

48.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

///

///

///

## TRIAL BY JURY

50.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 28, 2018                    Respectfully submitted,

### HYDE & SWIGART

By:   _/s/ David J. McGlothin_____
              DAVID J. MCGLOTHIN, ESQ.
              ATTORNEY FOR PLAINTIFF

Filed electronically on this 28th Day of December, 2018, with:

United States District Court CM/ECF system.

Notification sent electronically on this 28th Day of December, 2018, to:

Honorable Magistrate Deborah M. Fine
United States District Court
District of Arizona

And All Counsel of Record as Recorded On The Electronic Service List

/s/ David J. McGlothin
David J. McGlothin, Esq.